John J. O'Peil, Plaintiff, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Defendant.

Argued February 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Frank J. McDonnell,* for plaintiff.

*Barnet Lieberman,* Assistant Attorney General, for defendant.

OPINION BY JUDGE BLATT, June 5, 1974:

John J. O'Peil (plaintiff) filed an action in mandamus in the Dauphin County Court of Common Pleas against the State Civil Service Commission (Commission), which was transferred to this Court pursuant to Section 503(b) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, 17 P.S. §211.503(b) (ACJA). It is before us now on the Preliminary Objections of the Commission so that we must, of course, accept as true the well-pleaded factual averments of the plaintiff, even though not admitting the pleader's conclusions of law. *Commonwealth ex rel. Powell v. Aytch,* 10 Pa. Commonwealth Ct. 218, 309 A. 2d 734 (1973).

The plaintiff states that he was a Corporation Tax Officer II in the Department of Revenue (Department)

with regular Civil Service Status and that, although he was given a "very good" performance evaluation for the year 1972, the Department wrongly failed to grant him a merit salary increment due January 1, 1973 and payable January 18, 1973. On February 5, 1973 and on February 9, 1973 the plaintiff filed written requests for a hearing with the Civil Service Commission alleging that the Department had discriminated against him by not granting the increment claimed.

In a letter dated March 20, 1973 the Executive Director of the Commission informed the plaintiff that the Commission had considered his request at a meeting on March 15, 1973 but had denied a hearing. He thereupon filed this action in mandamus asking this Court to order the Commission to hold a public hearing pursuant to Section 951(b) of the Civil Service Law, Act of August 5, 1941, P. L. 752, *as amended*, 71 P.S. §741.951(b), which provides that: "Any person who is aggrieved by an alleged violation of section 905.1 of this act[1] may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. As soon as practicable after the conclusion of the hearing, the commission shall report its findings and conclusions to the aggrieved person and other interested parties. If such final decision is in favor of the aggrieved person, the commission shall make such order as it deems appropriate to assure the person such rights as are accorded him by this act." (Footnote omitted.)

Section 905.1 of the Civil Service Law, 71 P.S. §741.905a, referred to above, prohibits discrimination as follows: "No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention *or any other personnel action* with respect to the classified service because of political or religious

opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors." (Emphasis added.)

In *Department of Transportation v. Civil Service Commission*, 9 Pa. Commonwealth Ct. 341, 306 A. 2d 428 (1973), we held that the denial of an increment otherwise payable is a personnel action. For the purpose of our review of these preliminary objections, therefore, we will accept the assertion of the plaintiff that he comes within the purview of this statute, recognizing, of course, that he will eventually have to prove the applicability of the statute to his case.

The Preliminary Objections of the Commission assert that its letter of March 20, 1973 was a final order, that the plaintiff, therefore, had an adequate remedy by appeal from that order pursuant to Section 403 of the ACJA, 17 P.S. §211.403 and that the action in mandamus is, therefore, inappropriate.

We must disagree. In some instances it is true, a letter has been treated as an adjudication, but it cannot be so treated here, and it cannot, therefore, be the basis for an appeal. *See McKinley v. State Board of Funeral Directors*, 5 Pa. Commonwealth Ct. 42, 288 A. 2d 840 (1972). It indicated that a Commission meeting had been held *ex parte*, which obviously did not conform with the public hearing appeals process mandated by the Civil Service Law. Without speaking to the merits of this particular claim at all, the letter merely explained that the Commonwealth's Compensation Plan is not inconsistent with "equal pay for equal work" and on that basis the request for a hearing was denied. If the evidence bears out the pleadings, the action by the Commission was unauthorized for it denied the plaintiff access to the public hearing required by law. Inasmuch as he had not exhausted, or even been permitted access to, the proper administrative procedures, his case is not ripe for an appellate review on the merits and will not

be so until the appropriate procedures, including a public hearing, are followed and a proper adjudication is entered.

Mandamus, while an extraordinary remedy, can be asserted here to compel the performance of the mandatory duty of the Commission to conduct a hearing, for the complaint indicates both a clear right to a public hearing in the plaintiff, a corresponding duty on the part of the Commission to provide a hearing, and a want of any other appropriate and adequate remedy. *R. G. Wheatcroft v. The Tax Claim Bureau of Chester County and Taraschi*, 11 Pa. Commonwealth Ct. 322, 312 A. 2d 840 (1973). It has been held previously that, where discrimination is alleged to have been the cause for the dismissal of state employees, mandamus may be used to enforce the right to a hearing, *Hunter v. Jones*, 417 Pa. 372, 207 A. 2d 784 (1965), and Judge BOWMAN, then a Judge of the Court of Common Pleas of Dauphin County and now President Judge of the Commonwealth Court, recognized the appropriateness of the mandamus remedy to compel performance of the duty to conduct public hearings in alleged discrimination dismissal cases in *Park v. State Civil Service Commission*, 89 Dauph. 262 (1968). The reasoning there is equally applicable here where deprivation of a salary increment is concerned and where discrimination is also charged.

For these reasons, therefore, we enter the following

### ORDER

Now, June 5, 1974, the Preliminary Objections of the defendant are overruled and defendant is granted leave to answer plaintiff's complaint within twenty days from the date hereof.