Commonwealth of Pennsylvania, Department of Health *v.* Louis H. Schum, Appellant.

Commonwealth of Pennsylvania, Department of Health *v.* Forest R. Reeves, Appellant.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James A. Burgess, Jr.,* with him *Burgess, Casey & Janson,* for appellants.

*Beverly A. Nelson,* Deputy Attorney General, with her *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 15, 1975:

We have consolidated for argument and disposition the appeals of Louis H. Schum and Forest R. Reeves from the action of the State Secretary for Administration refusing to convene a grievance panel to hear the appellants' complaints concerning their wages.

Messrs. Schum and Reeves were management employes of the Commonwealth's Department of Health performing. property maintenance work at the Henry R.

Landis State Hospital in Philadelphia. They assert that the Business Manager of the Hospital, due to a shortage of help at the institution, assigned each of them the additional duty of being available for work on a standby basis for twenty-four hours a day, seven days a week on alternate weeks. The appellants further assert that the Business Manager declared that each would receive as extra compensation for each hour of this additional duty a sum equal to one-fourth of his straight hourly rate of pay. The appellants claim to have served standby duty in the fashion directed for a period of a year. It appears that they received some extra compensation for this activity, apparently at the mistaken rate of one and one-half times their hourly rates. After extra compensation was discontinued at the direction of the Hospital's controller, the appellants claimed, and still claim, that they are owed money on account of uncompensated standby served.

The appellants sought to obtain the compensation allegedly due by filing grievances in accordance with the provisions for such relating to management employes established by regulations of the Executive Board to be found at 4 Pa. Code §37.1 et seq.

The cited regulations provide for a four step grievance procedure. At the first two steps, to the appellants' immediate supervisor and to their division head, the appellants' claims were denied. At the third and fourth steps, to their agency head and to the Office of Administration of the Governor's Office, the appellants were refused hearings. Their application to the Office of Administration was responded to by letter of the State's Secretary of Administration informing them that the grievance procedures were not available for the redress for claims for compensation. The appellants, apparently concluding that the Secretary of Administration's letter constituted an adjudication, have appealed therefrom pursuant to Section 41 of the Administrative Agency Law,

Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.41.

The Commonwealth has filed a motion to quash the appeal on the ground that the Secretary's letter was not an adjudication. We agree.

We were confronted with the other side of the coin in *O'Peil v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974), where the State Civil Service Commission refused to conduct a hearing on the complaint of a State employe that he had been denied a merit salary increment on discriminatory grounds. The employe sued in mandamus seeking an order requiring the Commission to give him a hearing. The Civil Service Commission filed preliminary objections, stating that its letter of refusal was a final order and an adjudication as that term is defined in the Administrative Agency Law[1] and that the plaintiff had the adequate statutory remedy by appeal. We dismissed the preliminary objections, holding that the letter was not an adjudication and writing, by Judge BLATT, the following:

"In some instances it is true, a letter has been treated as an adjudication, but it cannot be so treated here, and it cannot, therefore, be the basis for an appeal. See McKinley v. State Board of Funeral Directors, 5 Pa. Commonwealth Ct. 42, 288 A.2d 840 (1972). It indicated that a Commission meeting had been held ex parte, which obviously did not conform with the public hearing appeals process mandated by the Civil Service Law. Without speaking to the merits of this particular claim at all, the letter merely explained that the Commonwealth's Compensation Plan is not inconsistent with 'equal pay for equal work' and on that basis the request for a hearing was

---

1. Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.2(a).

denied. If the evidence bears out the pleadings, the action by the Commission was unauthorized for it denied the plaintiff access to the public hearing required by law. Inasmuch as he had not exhausted, or even been permitted access to, the proper administrative procedures, his case is not ripe for an appellate review on the merits and will not be so until the appropriate procedures, including a public hearing, are followed and a proper adjudication is entered." *O'Peil, supra,* 13 Pa. Commonwealth Ct. at 473-74, 320 A.2d at 463.

We find no distinction between the facts of this case and those of *O'Peil* and accordingly enter the following:

ORDER

And now, this 15th day of October, 1975, it is ordered that the appeals of Louis H. Schum and Forest R. Reeves be and they hereby are quashed.