Joan Miller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 11, 1978, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*John J. Morgan,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, November 1, 1978:

The appellant, Joan Miller, was employed in a clerical capacity by the Commonwealth's Department of Transportation (PennDOT). Her position was not one within the classified service under the Civil Service Act[1] and she was not a member of a union having a collective bargaining agreement with the Commonwealth. She was, in short, employed at the will of PennDOT.

However, PennDOT, apparently in order to afford some consideration to persons holding positions such as the appellant's, adopted the following personnel regulations:

1005 *Department Grievance Policy*

The purpose of this procedure is to assure that each employe can have his grievance considered rapidly, fairly and without reprisal. The establishment of this procedure should serve to clearly define to both supervisor and employe the means available to resolve employe grievances.

. . . .

1005.1 *Applicability*

The procedures prescribed in this section shall be applicable to grievances arising from . . . just cause disciplinary actions. . . . If an employe appeals a just cause disciplinary action involving a suspension, demotion or discharge, the grievance should be sent directly to the Third Step where the decision therein shall be final and binding.

. . . .

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1 et seq.

## 1005.4 *Third Step—Agency Head*

An appeal from an unfavorable decision at the second step or one concerning a just cause disciplinary action in the form of a suspension, demotion or discharge, shall be presented to the agency head, or designated representative within seven days from the second step decision or 12 days from the date the employe was informed of the just cause disciplinary action. The agency head or designated representative shall select a grievance committee of three persons from his or her agency which shall hold a hearing at which the employe may appear and along with his or her representative, if so desired, shall present his or her grievance, at an expedient time agreed to by both parties. The employe will hear within ten days the decision reached at the third step. As stated in Section 1005.1, the decision at the third step shall be final and binding for cases involving a just cause disciplinary action.

The director of PennDOT's Bureau of Personnel sent the appellant the following letter:

As you were informed, your services as a Clerical Supervisor II were no longer required effective the close of business August 19, 1977. You were demoted to a Clerk Typist I at a biweekly salary of $380.25.

The appellant's counsel wrote to the director as follows:

We, this day, take an appeal from the Action of Demotion to a Clerk Typist I effective August 19, 1977, by your letter dated August 19, 1977, of Mrs. Joan Miller, 519 Whitestown Road, Butler, Pa. 16001.

We file a grievance that this action was a disciplinary action without just cause, and it is an arbitrary and capricious act of the Commonwealth in that such action is unwarranted and not proper under the laws of the Commonwealth and the laws of the United States.

In response, the director wrote to Miller's counsel as follows:

Reference is made to your recent letter concerning the demotion of your client, Mrs. Joan Miller of Butler.

The Department's grievance procedure is not applicable in this case. Therefore, we cannot entertain your appeal of Mrs. Miller's demotion.

The appellant then filed her petition for review in this court invoking both Sections 401 and 403 of the then effective Appellate Court Jurisdiction Act of 1970.[2] Section 401 gave us original jurisdiction of civil actions against the Commonwealth or officers thereof, and Section 403 gave us jurisdiction of appeals from final orders of administrative agencies. With respect to the latter, the appellant says that the letter demoting her was an adjudication which we in our appellate jurisdiction should set aside. However, we have held that where the Commonwealth simply refuses to hear the merits of a grievance, ruling merely that grievance procedures are not available to the grievant, the action is not an adjudication and therefore not reviewable through appeal; and that in such case the grievant believing that the Commonwealth had a clear duty to grant a hearing should sue for an order in mandamus that one be provided. *Roberts v.*

---

[2] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §§211.401, 211.403, now Sections 761 and 763 of the Judicial Code, 42 Pa. C.S. §§761, 763.

*Office Administration,* 30 Pa. Commonwealth Ct. 19, 372 A.2d 1233 (1977) ; *Department of Health v. Schum,* 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975) ; *O'Peil v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974).

Miller's application based on Section 401's grant to us of original jurisdiction of suits against the Commonwealth and its officers seeks an order requiring the respondent PennDOT to convene the grievance committee provided for in the procedures reproduced above. The only argument PennDOT makes relating to Department Grievance Policy is that a hearing is required only in matters concerning just cause disciplinary action, and that since the director's letter demoting the appellant does not say the demotion was for disciplinary cause, she has no right to a hearing. This thesis requires the *a priori* acceptance of the fact that Miller's demotion was not for disciplinary reason based solely on the failure of the director's letter to state the contrary. Miller says that her demotion was a disciplinary action. It seems to us that the establishment of reason for the demotion, whether for disciplinary cause as Miller asserts or not as PennDOT contends, would be a factual determination to be made by the grievance committee provided for by Section 1005.4 of PennDOT's Department Grievance Policy.

We therefore remand the record to PennDOT with direction that it convene a grievance committee for the conduct of a hearing.

ORDER

AND Now, this 1st day of November, 1978, it is ordered that the record be and it is hereby remanded to the respondent with direction to convene the grievance committee for the conduct of the hearing provided for by Section 1005.4 of the Department Grievance Policy.