The Concerned Citizens of Greater West Chester et al., Petitioners *v.* The Honorable Thomas D. Larson, Secretary of Transportation of Pennsylvania et al., Respondents. William A. DeAngelo, Party Respondent.

242

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*John R. Polito, Jr.,* with him *William S. Huganir, Ross A. Unruh,* for petitioners.

*John M. Hrubovcak,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, *Edward G. Biester, Jr.,* Attorney General, for respondent.

*John E. Good,* for party respondent.

OPINION BY JUDGE MACPHAIL, January 2, 1980:

Petitioners, The Concerned Citizens of Greater West Chester, Ann E. Whitcraft, and the Borough of West Chester, have filed a petition for review pur-

suant to the original jurisdiction of this Court under Section 761 of the Judicial Code, 42 Pa. C.S. §761, challenging the issuance of a highway occupancy permit by the Department of Transportation (Department) to one William DeAngelo, and the subsequent refusal of the Department to grant Petitioners an evidentiary hearing. The Department has filed a Motion for Summary Judgment pursuant to Pa. R.A.P. 1542 and Pa. R.C.P. No. 1035. We will grant the motion.

Factually, DeAngelo applied for and was granted a building permit to erect a Burger King Restaurant in the Borough of West Chester on land he had purchased from the West Chester School District. DeAngelo had also been granted zoning approval for the same installation. He applied to the Department for a highway occupancy permit for two access points to serve his commercial establishment, one such access point being located on Price Street and the other on High Street. The Department granted the application on February 8, 1979. On March 14 and 15, Petitioners wrote to the Department requesting an evidentiary hearing concerning the issuance of the highway occupancy permit which request was denied by the Department on or about March 22, 1979.

In this proceeding Petitioners contend that the Department's refusal to grant a hearing is in violation of their rights under the provisions of Section 504 of the Administrative Agency Law, 2 Pa. C.S. §504.[1] The Department's Motion for Summary Judgment alleges that Petitioners lack standing, that the provisions of the Act do not apply to the issuance of a highway occupancy permit and that sovereign immunity is a bar

---

[1] No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

to the action. Under the provisions of Pa. R.C.P. No. 1035, we may enter judgment where there is no dispute as to any material issue of fact and where the petitioner is entitled to judgment as a matter of law. Interestingly, Petitioners do not contend that there is any factual issue to be resolved which would prevent the entry of judgment if the Department would be otherwise entitled to it.

In *Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276, 366 A.2d 1298 (1976), our Court held that the City of Allentown had no standing to assert the claims of individual property owners who were protesting the issuance of permits by the Department for the construction of an opening in a medial barrier by a township. Our Court held that a municipality is merely a creature of the sovereign created for the purpose of carrying out local governmental functions and therefore, has no standing to assert the claims of individual property owners against the Department. That same principle would apply with equal force to the Borough of West Chester in the instant case.

In *Snelling*, Judge CRUMLISH, JR., carefully analyzed the criteria for standing as set forth in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), and then, having applied those criteria to the individual petitioners protesting the Department's action, concluded that the allegations of the petitioners there simply were insufficient to confer standing. We have used the same criteria in the instant case and have reached the same conclusion. The petition before us now recites that The Concerned Citizens of Greater West Chester are residents and/or taxpayers of the Borough of West Chester with a direct interest in the granting of the permit and that the Department's action aggrieved them. Nowhere does the petition set forth how Petitioners were ag-

grieved or what their direct interest in the subject matter might be, *i.e.,* the causation of the harm to their interest by the grant of the permit. Finally, there is nothing pled which shows that the organization has an immediate and substantial interest in the granting of the permit. Clearly, the mere fact of residency and/or taxpaying status in the same borough where a permit for curb cuts on a single private property are granted gives no standing whatsoever to such petitioners under the criteria of *Wm. Penn Parking Garage, Inc., supra.*

With respect to Petitioner Ann E. Whitcraft, it is alleged that she is a citizen, resident and taxpayer of the Borough and Commonwealth and that she owns real property contiguous to the property for which the highway occupancy permit was given. While the fact that a party is a contiguous property owner may show a more direct interest than those owning property generally in the Borough as alleged by The Concerned Citizens of Greater West Chester, such an allegation in and of itself fails to disclose how the Petitioner is aggrieved nor does it suggest an immediate or substantial interest on the part of the Petitioner Whitcraft.

Having failed to satisfy the criteria required for standing as set forth in *Snelling* and *Wm. Penn Parking Garage, Inc.,* Petitioners' petition for review must be dismissed.

Regarding their alleged right to a hearing, Petitioners argue that it was not the issuance of the permit which was an adjudication (although their petition for review states that it is), but that the Department's letter refusing to grant them a hearing after the permit had been issued, was an adjudication as defined in Section 101 of the Administrative Agency Law, 2 Pa. C.S. §101. Petitioners cite *Louden Hill Farm, Inc. v. Milk Control Commission,* 420 Pa. 548, 217 A.2d 735

(1966), in support of their argument. Our reading of that case discloses that it is not authority for the proposition cited. Actually, that case involved the determination of whether the appellant was an aggrieved party rather than whether the appellee foreclosed the appellant from protecting its legal interest by the denial of a hearing as alleged by Petitioners here. In fact, we can find no authority to support Petitioners' argument.

The gravamen of this dispute is the issuance of the occupancy permit. The only purpose of a hearing by the Department would be to determine whether the grant of the permit was or was not a valid Departmental action or, as stated by the Petitioners, whether any legal rights were invaded by its issuance. In the instant case, the Department's denial of the request for a hearing in its simplest terms is a statement that there is no right to a hearing on the issue of whether an occupancy permit should have been granted. Therefore, the letter is not a "final order, decree, decision, determination or ruling" by the Department. It is a statement of fact. In *Roberts v. Office of Administration,* 30 Pa. Commonwealth Ct. 19, 23, 372 A.2d 1233, 1235 (1977), Judge CRUMLISH, JR., citing *Department of Health v. Schum,* 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975) and *O'Peil v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974), stated:

> We held in those cases that, where an administrative agency or official refuses to hear the merits of a grievance at all, ruling merely that the grievance procedures are not available to the particular grievant, the action is not an adjudication and therefore not reviewable through appeal; and if the grievant disagrees, believing that the agency or official has a clear duty to hear his grievance, his remedy is in mandamus.

Finding no issue of material fact present in the pleadings and affidavits now before us which affects the standing of the Petitioners or their right to a hearing, and being well satisfied that the Department is entitled to judgment as a matter of law, the attached order will be entered.

ORDER

AND Now, this 2nd day of January, 1980, on Motion of the Respondents Honorable Thomas D. Larson and Department of Transportation of Pennsylvania for Summary Judgment, it is ordered that judgment be entered for the Honorable Thomas D. Larson and Department of Transportation of Pennsylvania and against The Concerned Citizens of Greater West Chester, Ann E. Whitcraft and the Borough of West Chester.