561 A.2d 61

**DAUPHIN PLAZA ASSOCIATES, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1988.

Decided June 28, 1989.

Reargument Denied July 27, 1989.

134

Jeffrey B. Clay, McNees, Wallace & Nurick, Trent Hargrove, Harrisburg, for petitioner.

Michael H. Kline, Asst. Counsel, John L. Heaton, Chief Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Petitioner owns property in Dauphin County which is currently being developed as a shopping center. In connection with that development petitioner filed an application for a highway occupancy permit on May 4, 1988, requesting that it be allowed to access an adjoining highway with two signalized driveways. DOT, by letter to petitioner dated May 11, 1988, stated that DOT would require additional information and that DOT would not allow signalization at one of the proposed locations.

On May 20 petitioner filed with DOT a petition to intervene in a highway occupancy permit application filed by Lanecor Associates. Lanecor is developing another shopping center on the other side of the highway and requested access at the same points on the highway. On June 3

petitioner filed with DOT a request for hearing and motion to consolidate the proceedings concerning both applications. On June 9 petitioner filed with this Court the present petition for review of DOT's action regarding petitioner's permit application. The petition requested relief in the form of deemed approval of the permit or remand for an administrative hearing before DOT. DOT granted the petition to intervene and the separate request for a hearing on June 29. Two hearings were held by DOT, one on July 29 and another on August 2. Post hearing briefs were filed and a decision is still pending.

On July 28, before the DOT hearings, petitioner filed an application for summary relief with this Court regarding the deemed approval claim. This Court heard arguments on August 22 and denied the requested relief in an order from Judge Doyle dated August 23. On August 22 DOT also filed a motion to quash the petition for review. Petitioner filed a motion for an expedited hearing on August 26. This Court ordered on September 7 that the petition for review and the motion to quash be argued jointly.

On October 25 petitioner filed a petition for review addressed to this Court's original jurisdiction. Cross motions for summary relief were filed and were argued jointly with the appellate arguments.

While this case is procedurally complicated, there is only one substantive issue. Petitioner argues that its permit application has been deemed approved because DOT failed to properly respond to the application within 60 days as required under § 508(6) of the Municipalities Planning Code.[1] This section requires that within 60 days DOT either approve the application, deny it, return it for additional information, or determine that no permit is required. Petitioner argues that DOT's May 11 letter was not a proper response under this section and that the highway occupancy permit was therefore deemed approved.

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(6).

■ Before we reach the merits of petitioner's argument we must address the question of whether the present actions are within our original or appellate jurisdiction. DOT filed a motion to quash the appellate action. An appeal may only be taken to this Court from a final order. Pa.R.A.P. 341. The May 11 letter from DOT clearly was not an appealable order or an adjudication. *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981).

Before we quash the appellate action we must address petitioner's request that we treat it as an original jurisdiction action. In *Steen Industries v. Zoning Hearing Board of the Borough of Folcroft*, 113 Pa.Commonwealth Ct. 615, 538 A.2d 95 (1988), this Court held that mandamus was an available remedy to implement deemed approval for a zoning hearing board's failure to render a timely decision regarding building permits. Since petitioner here sought deemed approval in a mandamus action, that action is within our original jurisdiction. *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa.Commonwealth Ct. 561, 493 A.2d 146 (1985). Petitioner points out that we may treat the appellate action as an original jurisdiction action pursuant to Pa.R.A.P. 1504. Since petitioner has filed an original jurisdiction action this will not be necessary and we will quash the appellate action.

■ We now must decide whether to exercise our original jurisdiction. DOT argues that petitioner is pursuing the deemed approval argument in the administrative hearing before DOT and has therefore elected its remedy. In *Steen* we noted that deemed approval under the MPC may be enforced not only by a mandamus action but also by the alternative remedy of an administrative appeal. There is no case law, however, which holds that pursuit of the administrative appeal precludes pursuit of a mandamus action. Since the question of deemed approval is before us and we have an opportunity to settle the issue now, it would not be in the interest of judicial efficiency for us to dismiss the

mandamus action and await DOT's resolution of the issue. We will therefore exercise our original jurisdiction and decide whether there was deemed approval.

■ § 508(6) of the Municipalities Planning Code reads in pertinent part:

No plat which will require access to a highway under the jurisdiction of the Department of Transportation shall be finally approved unless the plat contains a notice that a highway occupancy permit is required pursuant to section 420 of the act of June 1, 1945 (P.L. 1242, No. 428), known as the "State Highway Law," before driveway access to a State highway is permitted. The department shall, within sixty days of the date of receipt of an application for a highway occupancy permit, (i) approve the permit, which shall be valid thereafter unless, prior to commencement of construction thereunder, the geographic, physical or other conditions under which the permit is approved change, requiring modification or denial of the permit, in which event the department shall give notice thereof in accordance with regulations, (ii) deny the permit, (iii) return the application for additional information or correction to conform with department regulations or (iv) determine that no permit is required in which case the department shall notify the municipality and the applicant in writing. If the department shall fail to take any action within the sixty-day period, the permit will be deemed to be issued. (Footnote omitted.)

The third option for DOT listed in the section is that DOT return the application for additional information or correction to conform with department regulations. Petitioner argues that the May 11, 1988, letter does not fall in this category because, although it purports to be a request for information, it does not actually request any additional technical information, nor does it cite any regulation with which the application does not conform. Our reading of the letter confirms this argument. The letter requests that

petitioner take additional action but does not request any additional information.

■ DOT argues that if it was not a request for additional information the letter was instead a denial of the permit and therefore satisfies § 508(6). The letter clearly rejects the application as submitted. The letter states, "A signalized intersection will not be permitted at Sta. 65+23. No left turns out of site will be permitted at this location." These features were requested by petitioner in its application. Petitioner argues that, although the letter can be construed as a rejection, it is not a valid rejection for the purposes of § 508(6) because the requirements for due process were not met for a valid rejection.

Petitioner is arguing that a hearing must be held before the permit is denied in order for the denial to satisfy § 508(6). In effect the argument is that the denial must be a final adjudication in order to prevent deemed approval. The statute does not explicitly require this. Petitioner makes the argument that due process will be violated if a hearing is not required before the denial of a permit, but the question here is whether due process must be afforded within 60 days. Petitioner points out that this Court has held that there are notice and hearing requirements for actions under other parts of § 508 in order to prevent deemed approval of land development plans. Deemed approval in those instances, however, does not involve DOT or another state agency, but instead involves local governing bodies. The statute says that the local governing body must "render its decision" within 90 days of the next regular meeting of the governing body or within 120 days after the application is filed, whichever is shorter. The statute also requires a written decision and, if the plan is rejected, a list of the defects in the plan and the statutes or ordinances relied upon. This language clearly contemplates a final decision. § 508(6) on the other hand, gives four distinct courses of action for DOT to take within 60 days.

One of these choices, a request for additional information, is clearly not a final decision or adjudication. The section appears to require only that DOT take some action within the 60 day period, as evidenced by the statement that if DOT "shall fail to take any action" within the 60 day period then the permit will be deemed approved.

Petitioner argues that to construe § 508(6) as referring to something less than a final decision will allow DOT to deny a permit and then delay its final decision indefinitely. Under § 420 of the State Highway Law,[2] the preliminary denial of a highway occupancy permit may be appealed pursuant to the Administrative Agency Law which requires DOT to grant a hearing on the matter.[3] Since DOT has a nondiscretionary duty to afford a hearing, mandamus is available as a remedy against any unreasonable delay. *Sultanik v. Board of Supervisors of Worcester Township*, 88 Pa.Commonwealth Ct. 214, 488 A.2d 1197 (1985); *O'Peil v. State Civil Service Commission*, 13 Pa.Commonwealth Ct. 470, 320 A.2d 461 (1974).

In light of the above discussion, we hold that § 508(6) does not require a hearing before DOT denies a permit application in order for DOT to avoid deemed approval of the permit. Since there are no facts at issue, we will grant DOT's motion for summary relief in the original jurisdiction action and hold that petitioner's permit application was not deemed approved.

### ORDER

NOW, June 28, 1989, the petition for review at No. 1374 C.D.1988 is quashed, and the motion for summary relief by the Department of Transportation at No. 2494 C.D.1988 is granted.

**2.** Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. § 670–420.

**3.** 2 Pa.C.S. § 504.