Lieutenant Matthew E. Hunt, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police et al., Respondents.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Paul J. Esposito,* with him *Arthur L. Goldberg,* and *Goldberg, Evans & Katzman,* for plaintiff.

*John L. Heaton,* Assistant Attorney General, for defendant.

OPINION BY JUDGE ROGERS, April 25, 1979:

Matthew E. Hunt has filed a petition for review in the nature of mandamus asking us to order the respondents, the Pennsylvania State Police, the State Police Commissioner and the State Police Director of Personnel to assign him to the Department's Bureau of Criminal Investigation (B.C.I.) and to oust from that position one Frank W. Lesch.

Hunt holds the rank of Lieutenant of the Pennsylvania State Police. In February 1977, pursuant to State Police Regulation FR 3-2, 2.02, Hunt submitted a request for a so-called Troop of Preference transfer from his troop in Punxsutawney to the B.C.I. at Department Headquarters in Harrisburg. The response to his request was by means of a stamped legend on his written request reading: "As of this date 3-1-77 this officer is in 1st position tied with 0 others for B.C.I.," under which appears the initials of some person not identified in this record.

On July 21, 1977, the Commissioner of State Police transferred Lieutenant Lesch to B.C.I. to fill a vacancy in B.C.I. which had occurred after Hunt made his request. Hunt filed a grievance with his command-

ing officer as allowed by State Police regulations, alleging that Lesch had less time than he in grade and in assignment and asserting that he, not Lesch, should have been appointed. The grievance was denied and Hunt appealed to the Commissioner. The Commissioner denied the grievance on the ground that Lieutenant Lesch had been transferred to B.C.I. under FR 3-2, 2.01 and that neither State Police regulation nor policy were violated by his action.

Hunt filed a second grievance with his commanding officer requesting an explanation of the disputed transfer and alleging that the denial of his request for transfer was discriminatory. This grievance was denied and Hunt again appealed directly to the Commissioner. The Commissioner denied the second grievance appeal writing:

Although considerable weight is given to recommendations by administrative staff relative to certain types of transfers, I feel no obligation exists to disclose staff decisions which are ultimately mine. I, therefore, see no reason to expound on Lieutenant Lesch's transfer to the BCI since I was convinced he possessed the necessary requisites for filling such vacancy.

We must decide whether the Commissioner had a purely ministerial duty to appoint Lieutenant Hunt to B.C.I., in which case mandamus would afford relief, or whether the Commissioner had discretion in making the appointment, in which case mandamus does not lie.

Plaintiff of course relies on the stamped legend declaring him as of March 1, 1977 to be in first position for B.C.I. The legend of course does not effect the appointment nor does it expressly state that Hunt would be appointed if a vacancy should occur. In fact, the regulation under which Hunt applied makes

it clear that appointment would not necessarily follow. It reads in pertinent part:

2.02 TROOP OF PREFERENCE TRANSFERS

A. Applicability: Any Member below the rank of Captain may submit a request for transfer to another Troop after fulfilling the prerequisites established in paragraph 2.02B. The Member's performance and deportment shall be taken into consideration when granting Troop of Preference transfers and *Department needs will receive primary consideration*. Troop of Preference transfers are dependent upon vacancies existing in the requested Troop's manpower allocation distribution as prepared by the Bureau of Research and Development and approved by the Commissioner. (Emphasis added.)

Regulation FR 3-2, 2.01, to which the Commissioner alluded as that on which his appointment of Lesch was based, reads in part as follows:

2.01 POLICY

. . . .

C. Authority: All transfers will be effective only after they have been approved by the Commissioner unless otherwise stated in this regulation.

. . . .

F. Transfers for the Good of the Department: Transfers may be made because of a need for specific or specialized skills in a particular function or area, or otherwise as the needs of the service require.

The Commissioner thus had discretion in the matter which mandamus cannot reach.

Hunt argues in his brief that the Commissioner had a mandatory duty to hold a hearing or discussion before denying a grievance appeal. Although this argument was not raised in his petition for review, we answer it by quoting the applicable regulation FR 3-4, 403 F(3):

> The Commissioner, or his designated representative shall review the grievance and shall, *if necessary,* hold a discussion or hearing, whichever the Commissioner or his designated representative deems appropriate in order to resolve the grievance. . . . (Emphasis added.)

The regulation confers discretion in the Commissioner to decide whether a hearing or discussion is necessary. *See Styers v. Wade,* 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977), *aff'd per curiam,* 478 Pa. 631, 387 A.2d 666 (1978).

Hunt might have tested the exercise of the Commissioner's discretion had he appealed from either of the Commissioner's decisions. However, as we wrote in *Styers, supra* at 42, 372 A.2d at 1238:

> However, once the official or agency has exercised its discretion, a party who is dissatisfied with the result may not seek to compel a different result through mandamus; for mandamus does not lie to review a discretionary act, nor to compel a particular result in a process involving the exercise of discretion. A party to an administrative agency proceeding who is aggrieved by such an exercise of discretion—i.e., by an adjudication—has a remedy through appeal, a remedy guaranteed by Article V, Section 9 of the Pennsylvania Constitution and specifically provided for in Section 47 of the Administrative Agency Law.

Finally, we could not, if we were so disposed, treat this as an appeal since it was filed almost a year af-

258.

ter the Commissioner's second disposition of Hunt's second grievance.

ORDER

AND Now, this 25th day of April, 1979, defendant's preliminary objections to plaintiff's petition for review are hereby sustained and the petition for review is dismissed.