Lt. Matthew E. Hunt, Petitioner *v.* Daniel F. Dunn, Commissioner, Major Jay Hileman and Pa. State Police, Respondents.

Argued December 17, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Barry M. Miller, Miller & Hodgson,* for petitioner.

*John L. Heaton,* Chief Counsel, for respondents.

OPINION BY JUDGE ROGERS, January 19, 1982:

Matthew E. Hunt holds the rank of Lieutenant of the Pennsylvania State Police. On May 13, 1980, pursuant to State Police Field Regulation (FR) 3-2, Hunt submitted a request for a so-called Troop of Preference transfer from the State Police's Bureau of Training and Education, Southeastern Training Center, Collegeville, Pennsylvania to the Force's Bureau of Criminal Investigation (BCI) in Harrisburg. The response to his request was by means of a stamped legend on his written request reading: "As of this date 5-15-80 this officer is in 1st position tied with 0 others for BCI," followed by a notation stating "for seniority purposes only."

On July 24, 1980, the Commissioner of the State Police transferred Lieutenant Joseph A. Robyak to the BCI, effective August 14, 1980.

On July 24, 1980, Hunt filed a grievance with his commanding officer as allowed by State Police Regulations, alleging a violation of FR 3-2, §2.02. Lt. Hunt's grievance was denied at all review levels within the State Police and he here appeals from the Commissioner's final denial of his grievance.

In his grievance and on his appeal here, Lt. Hunt alleges that Lt. Robyak had less time in grade and that he, not Lt. Robayk, should have been appointed to the BCI. The Commissioner argues that the transfer of Robyak to the BCI was made pursuant not to FR 3-2, §2.02 but to FR 3-2, §2.04 and that under that regulation and Section 711(a) of the Administrative Code, 71 P.S. §251, the Commissioner has the authority to appoint and assign members of the force so as to effect the most efficient performance of the force's law enforcement duties.

Lt. Hunt relies upon the stamped legend declaring him as of May 15, 1980 to be in first position for the BCI and argues that the procedure outlined in FR §3-

2, §2.02 "Preference Transfers" is applicable here. In fact, the regulation under which Hunt applied makes clear that his transfer would not necessarily follow under that procedure. It reads in pertinent part:

> *Applicability*: Any member below the rank of Captain may submit a request for transfer to another Troop/Bureau provided that the member has completed a minimum of one (1) year in the Troop/Bureau to which assigned unless the assignment resulted from a promotion. When a promotion is concurrent with a new assignment the one (1) year minimum does not apply. Dependent upon existing vacancies, Preference Transfer will be granted on the basis of the needs of the Department, coupled with the performance and deportment of the member.

Regulation FR 3-2, §2.04, to which the Commissioner alluded as that on which his appointment of Lt. Robyak instead of Lt. Hunt was based, reads in part as follows:

> General Transfers
>
> *Applicability*: Any member may be transferred anywhere within the Department whenever it is determined that such transfer(s) is necessary to:
>
> 1. Fulfill the requirement(s) for additional services, or
>
> 2. Fulfill the need(s) for specific or specialized skills, or
>
> 3. Accomplish any other need(s) of the Department.

It is apparent the Commissioner has discretion founded on the need of the service in ordering transfers under both FR 3-2, §2.02 and FR 3-2, §2.04 and is not bound by seniority. *Hunt v. Pennsylvania State*

*Police,* 42 Pa. Commonwealth Ct. 253, 400 A.2d 907 (1979).

Lt. Hunt attacks the Commissioner's transfer decision based on allegations concerning past procedure relative to preference transfers, practices in filling vacancies, and comparisons between his and Lt. Robyak's performance records. These matters are not part of the record certified to us and we cannot, even if we were so inclined, now consider them.[1]

Order affirmed.

ORDER

AND NOW, this 19th day of January, 1982, the order of the Commissioner of the Pennsylvania State Police denying the grievance of Lt. Matthew E. Hunt is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

_____

[1] A hearing on Lt. Hunt's grievance was not held below. FR 3-2, §4.04 authorizes the Commissioner, in his discretion, to hold a hearing on grievances. While such a hearing may have been of interest with respect to the factual allegations now raised, Lt. Hunt did not request a hearing and does not here allege that the Commissioner abused his discretion by not holding a hearing.