Gerald R. Styers, Plaintiff *v.* James N. Wade, Secretary of Administration, and James D. Barger, Pennsylvania State Police Commissioner, Defendants.

John S. Gencavage, Plaintiff *v.* James N. Wade, Secretary of Administration, and James D. Barger, Pennsylvania State Police Commissioner, Defendants.

Argued February 4, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*George J. Kanuck,* with him *Wallace C. Worth, Jr., Worth Law Offices, P.C.,* for plaintiffs.

*Jeffrey G. Cokin,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., April 28, 1977:

We have before us preliminary objections to two complaints in mandamus[1] each brought by a Pennsylvania State Police Trooper seeking either promotion to the rank of Lieutenant or the convening of a court martial to hear the matter of his alleged demotion. We sustain the objections on the single ground that, on the facts as alleged by Plaintiffs, mandamus does not lie.

Following the institution of the new Technical Specialist Program by the State Police, Plaintiffs, in 1969, were reclassified from the rank of Trooper to that of Technical Specialist (TS) and received an increase in pay. On September 7, 1972, Plaintiffs were reclassified back to Trooper, but received no salary reduction. This action resulted from the abolishment of the TS program following an opinion letter by the Attorney General stating that the program as it then existed was illegal because it lacked governing rules and regulations and had been initiated without consideration of merit principles.

On October 29, 1975, a new four-step grievance procedure was promulgated by the State Police Commissioner (Commissioner). Plaintiffs availed themselves of the procedure reaching, at Step 4, the Secretary of Administration (Secretary). They were denied a hearing at all steps. Plaintiffs appealed to this Court but, upon motion of the Secretary, we quashed the appeal (at No. 520 C.D. 1976, Order filed June 21, 1976) on the grounds that it was not timely. This action, and the attendant preliminary objections, followed.

Plaintiffs contend that their reclassification to Technical Specialist was in law a promotion, and that the second reclassification back to Trooper was a de-

---

[1] We have consolidated the cases of Gerald R. Styers and John S. Gencavage (Plaintiffs) since they involve identical legal issues.

motion which, since it was accomplished without court martial as required by the Administrative Code,[2] was invalid. Plaintiffs contend that the rank of Lieutenant is equivalent to that of Technical Specialist II and that, as a remedy for the alleged improper demotion, they are entitled to be "restored" to the rank of Lieutenant with all its appurtenant benefits. They contend that, as a result of the reclassification to Trooper, they suffered damage to their professional and personal reputations, as well as embarrassment and loss of professional and personal prestige and stature, and were deprived of the opportunity to take the appropriate promotional examination and were thereby precluded from further advancement in the State Police ranks.

The facts thus closely parallel, if they do not track exactly, those of *Roberts v. Office of Administration,* 30 Pa. Commonwealth Ct. 19, 372 A.2d 1233 (1977). However, the legal posture of this case is different from that of *Roberts* and requires an opposite result.

It is now well settled that mandamus is an extraordinary writ and lies only to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. *See Wyoming Sand and Stone Co. v. Department of Revenue,* 24 Pa. Commonwealth Ct. 366, 355 A.2d 860 (1976). Stated differently, mandamus lies only to compel official performance where there is a refusal to perform in the face of an absolute duty to do so. An official may have an absolute duty to exercise his discretion, in which case mandamus will lie, but only to compel the exercise of the discretion. This was the thrust of our opinion in *O'Peil v. State Civil Service Commission,* 13 Pa. Com-

---

[2] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §65(e).

monwealth Ct. 470, 320 A.2d 461 (1974), and *Fatscher v. Board of School Directors, Springfield School District*, 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), in which we ordered the State Civil Service Commission and a local school board to hold hearings which were clearly required under state law. However, once the official or agency has exercised its discretion, a party who is dissatisfied with the result may not seek to compel a different result through mandamus; for mandamus does not lie to review a discretionary act, nor to compel a particular result in a process involving the exercise of discretion. A party to an administrative agency proceeding who is aggrieved by such an exercise of discretion—*i.e.*, by an adjudication—has a remedy through appeal, a remedy guaranteed by Article V, Section 9 of the Pennsylvania Constitution and specifically provided for in Section 47 of the Administrative Agency Law.[3]

Here, it is obvious that Plaintiffs do not have a clear, absolute right to the promotion or reinstatement they seek. In *Roberts, supra,* we indicated that the question of whether the reclassification from Crime Investigation Specialist to Trooper constituted a demotion and violated the Administrative Agency Law, was a difficult one, involving the weighing of many factors. We regarded the Secretary's action in refusing the sought-for relief as an adjudication, *i.e.*, as an exercise of discretion; had we not so regarded it, we could not have heard the case, since appeal would have been improper. Either an action is an adjudication involving the exercise of discretion, in which case it may be reviewed through appeal, or it is a purely ministerial act, involving performance of a specifically mandated function, the doing of which can be compelled through mandamus. Our holding in *Roberts* that

---

[3] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.47.

appeal was the proper avenue of redress from the adverse decision of the Secretary necessarily excluded mandamus as a possible remedy. That decision controls the instant case. Here, Plaintiffs had available to them the adequate remedy of appeal of which they failed to take timely advantage. Mandamus therefore will not lie. *Wyoming Sand, supra.*

The fact that in *Roberts* we remanded the case for a hearing is not to be taken as an implied holding by us that the Secretary, like the Commission in *O'Peil* and the School Board in *Fatscher*, had a mandatory duty to hold such a hearing. We clearly stated that we sent the case back to the Secretary, not because he had an absolute duty to hold hearings on matters of this type and had failed to do so, but because the record was not sufficiently developed to permit us to decide a matter which was properly before us for decision. The question of whether the Secretary had an absolute clear duty to hold a hearing was not before us in *Roberts*. It is before us here, however,[4] and we must conclude that the Secretary has no such duty. The four-step grievance procedure now used by the State Police provides, in Section (D)(4), for a written appeal to the Secretary from an adverse decision at Step 3. The section concludes, "Such an appeal may be made pursuant to 4 Pa. Code §37.7 (Refer to Appendage I)." The "Appendage" reproduces in full 4 Pa. Code §37.7, which contains the following language:

> The Secretary of Administration or designee after meeting or discussion with the employe and/or his/her representative, *if appropriate,*

---

[4] Plaintiffs do not specifically pray that we order the Secretary to give them a hearing, but only that the Commissioner convene a court martial to hear the matter of their demotion. Nevertheless, since the Secretary has been joined as a party, we deem it proper to consider the nature of his duty in these proceedings.

44

shall issue a decision in writing to the employe within twelve days after receipt of the appeal which shall be final and binding. (Emphasis added.)

The emphasized words indicate that the Secretary, rather than having an absolute duty to hold a hearing, is required only to issue a written decision within twelve days, and *may* hold a hearing if, *in his discretion*, he deems it appropriate and helpful in resolving the particular case before him. Mandamus is therefore not available to Plaintiffs as a means of forcing the Secretary to hold a hearing on their grievance.

Since we decide that mandamus does not lie, we shall not consider the other issues raised by the defendants.

Accordingly, we

ORDER

AND Now, this 28th day of April, 1977, the preliminary objections to the complaints herein are sustained and the complaints are dismissed.