## Hopewell Township v. Richard L. Wilson and DeEtta Wilson, Appellants.

426

Argued September 14, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Kenneth J. Sparler,* with him *Anstine & Anstine,* for appellants.

*Gilbert G. Malone,* with him *Ports, Beers, Feldmann & Malone,* for appellee.

OPINION BY JUDGE WILKINSON, JR., October 12, 1979:

We will not attempt to "sort-out" the some 10 actions that were brought in the Court of Common Pleas

of York County which were "combined" and variously disposed of by the York County Common Pleas Court. They resulted in two appeals to this Court— this case and *Hopewell Township v. Wilson,* 46 Pa. Commonwealth Ct. 442, 406 A.2d 612 (1979).[1]

The matter presented in this appeal involves the common pleas court's decision that appellants violated the Hopewell Township Building Permit Ordinance when they placed a mobile home on their property. It is admitted that the mobile home was placed on the premises without a permit. Appellants attempt to justify this on the grounds that the Township building permit officer misled them by representing that a building permit might not be necessary and, if it was, it would be issued routinely. It is not contested that beyond question a building permit was necessary. It is difficult to understand how anyone could have been misled to believe otherwise. Appellants' bona fides in this regard are put in doubt by their admission that they persisted in keeping the mobile home on the premises long after they knew a permit was necessary. In fact it was removed very shortly before the trial of these cases. As pointed out by Judge BLAKEY of the Common Pleas Court of York County, "[i]f the Zoning Officer had gone beyond a misrepresentation and had actually issued the building permit, the permit would not create a vested right if granted without the defendants being in compliance with the provisions of the ordinance." *See Klavon v. Zoning Hearing Board of Marlborough Township,* 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975). There is nothing in this record that would bring appellants within the exceptions set forth in *Klavon.*

---

[1] For the benefit of the reader of this opinion we note that counsel have briefed in their briefs in this case the issues which were in fact raised in the companion case docketed at No. 72 T.D. 1978.

We agree with the lower court's ruling, not incompatible with *Klavon*, that the statements of the building permit officer are relevant and admissible under the facts of this case only to be considered by the court in mitigation of the penalty but not to work as an estoppel of the enforcement actions.

Appellants next assert that the trial court erred in finding that the location of the mobile home violated the provisions of Section 203.5 of the Hopewell Township Zoning Ordinance requiring a front set-back of 40 feet. The only evidence of the set-back of the mobile home location was the estimate that it was between 10 and 20 feet from the right of way. Clearly, in the absence of any evidence to the contrary, this is sufficient on which to base a finding of a violation of the set-back requirements.

Finally, the appellants argue that because the township zoning officer did not act on their application for a building permit within 15 days, as required by Section 601.4, the application for the permit shall be deemed approved. Assuming the application was not acted upon within the required 15 days, it does not follow that it shall be deemed approved. There being no provision in the ordinance as to what shall happen if there is no action on the application within 15 days, this Court can no more declare that the application is deemed approved than it could declare that it is deemed disapproved. This does not make the 15-day requirement meaningless. Its purpose is to form the basis for an action in mandamus to require the zoning officer to perform his duties.

Accordingly, we will enter the following

ORDER

AND Now, October 12, 1979, the order of the Court of Common Pleas of York County dated August 25, 1978, in 76-S-796 Equity; 76-S-1215, 76-S-1216, 76-S-1217, 76-S-1218, Assumpsit is affirmed.