Hopewell Township *v.* Richard L. Wilson and DeEtta Wilson, Appellants.

Argued September 14, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Kenneth J. Sparler*, with him *Anstine & Anstine*, for appellants.

*Gilbert G. Malone*, with him *Ports, Beers, Feldmann & Malone*, for appellee.

OPINION BY JUDGE WILKINSON, JR., October 12, 1979:

This is a companion case to *Hopewell Township v. Wilson*, 46 Pa. Commonwealth Ct. 425, 406 A.2d 610 (1979), being the other appeal from a consolidation of 10 cases instituted by appellee against appellants for zoning violations.[1]

---

[1] For the benefit of the reader of this opinion we note that counsel have briefed in their briefs in this case the issues which were in fact raised in the companion case docketed at No. 71 T.D. 1978.

Involved in this appeal is the court of common pleas' decision that appellants were in violation of the township zoning ordinance in storing several thousand tires on their property. There is no doubt that the storage of the tires on the property in question was a violation of both the zoning ordinance adopted July 6, 1970 and the ordinance adopted June 20, 1974. The real subsantial issue is whether the storage was permitted as being ancillary to a preexisting nonconforming use of selling tires.

Appellant Richard L. Wilson has conducted a business of selling farm equipment on the land in question since 1969. Ancillary to this business he sold tires to be used on farm equipment. In 1969 he started Wilson Tire Services which has expanded to be a substantial retail tire business. The appellee does not challenge the normal activities of these two businesses. However, in 1974 appellants "purchased" from Fleet Maintenance Corporation used tires for the acceptance of which a payment of 85 cents per tire was received. The record shows that a total of $9,165.90 was received for accepting these tires. It is the "storage" of these tires on the subject property that is the basis for the trial court's ruling that appellants are in violation of the zoning ordinance. Without laboring the point, we are in entire accord with the trial court's finding, amply supported by the record, that such an unusual acquisition, in such large quantities, and under such unusual financial arrangements, is not ancillary to the normal operation of a tire business.

Finally, appellants contend that that part of their land in question that is used to store these tires is not useful as farmland and that it is unconstitutional to prevent them from using it for purposes not permitted in the agriculture zone. Suffice it to say that appellants have not sought a permit for use of this land to store used tires nor have they applied for a variance

nor in any other way brought proceedings to have the zoning ordinance amended. Surely it cannot seriously be pressed that appellants can disregard the zoning ordinance and, when called to task, raise a constitutional issue in this fashion. *Township of Millcreek v. Hurst*, 27 Pa. Commonwealth Ct. 85, 365 A.2d 896 (1976).

Accordingly, we will enter the following

ORDER

AND Now, October 12, 1979, the order of the Court of Common Pleas of York County, dated August 24, 1978 in 76-S-797, Equity; 76-S-696, 76-S-697, 76-S-698, and 76-S-699 is affirmed.