Daset Mining Corporation, Petitioner *v.* J. Anthony Ercole, Director, Department of Environmental Resources, Surface Mining Conservation and Reclamation, and The Commonwealth of Pennsylvania, Department of Environmental Resources, Respondents.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Thomas J. Herder,* with him *John R. McGinley, Grogan, Graffam, McGinley, Solomon & Lucchino,* for petitioner.

*Gary Waxman,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 25, 1980:

Daset Mining Corporation (Daset) has filed a Petition for Review in the nature of an Action for Mandamus seeking to compel the respondents, J. Anthony Ercole and the Commonwealth of Pennsylvania, Department of Environmental Resources (DER), to issue two surface mining permits under the Surface Mining Conservation and Reclamation Act (Act).[1] Presently before us are Preliminary Objections and a Motion to Dismiss for Mootness filed by DER.

In June 1977 Daset submitted applications for a surface mining permit to DER which then requested Daset to submit a bond as part of the application process. Daset complied, but when DER did not act on the permit applications, Daset filed two actions with the Environmental Hearing Board[2] (Board) seeking the issuance of the permits. While these actions were pending before the Board, DER denied Daset's initial applications on July 13, 1979. From these denials, Daset took two additional appeals to the Board. All four actions are still pending before the Board.

In support of its Motion to Dismiss for Mootness, DER contends that the decision to issue or refuse to issue the permits in question called for the exercise of discretion on its part and that, while mandamus will lie to compel an administrative agency to exer-

[1] Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §1396.1 et seq. (Act).

[2] Pursuant to Section 4(b) of the Act, 52 P.S. §1396.4(b).

cise its discretion, once it has done so mandamus is no longer a proper action. We agree.

One of the permit applications in question required an assessment by DER as to whether or not a variance from the distance limitations set forth in the Act could or should be granted. This determination vests considerable discretion in DER because the relevant section of the Act provides that, "The secretary *may* grant operators variances to the distance requirements herein established where he is satisfied that special circumstances warrant such exceptions and that the interest of the public and landowners affected thereby will be adequately protected." Section 4.2(c) of the Act, 52 P.S. §1396.4(b)(c) (emphasis added). As we stated in *Styers v. Wade*, 30 Pa. Commonwealth Ct. 38, 41, 372 A.2d 1236, 1238 (1977), *aff'd*, 478 Pa. 631, 387 A.2d 666 (1978), "An official may have an absolute duty to exercise his discretion, in which case mandamus will lie, but only to compel the exercise of the discretion." It is clear in the instant case that, because DER has already exercised its discretion by acting on the permits, Daset's request has been rendered moot.

It should be noted that Daset argues in response to DER's motion that its action in mandamus does not seek to compel the DER merely to act upon the permits but rather to issue the permits. If this is the nature of Daset's request, it is clearly improper. As we also stated in *Styers, supra:*

> [O]nce the official or agency has exercised its discretion, a party who is dissatisfied with the result may not seek to compel a different result through mandamus; for mandamus does not lie to review a discretionary act, nor to compel a particular result in a process involving the exercise of discretion.

30 Pa. Commonwealth Ct. at 42, 372 A.2d at 1238.

If Daset was dissatisfied with the decision of DER, its proper recourse was to file an appeal with the Environmental Hearing Board,[3] which it did. Its attempt to short-circuit that process by bringing the present action cannot be permitted.

The DER's motion to dismiss is granted.

### ORDER

AND Now, this 25th day of April, 1980, the Motion of the Department of Environmental Resources to dismiss the petition of Daset Mining Corporation is hereby granted.

President Judge BOWMAN did not participate in the decision in this case.

---

[3] Also pursuant to Section 4(b) of the Act, 52 P.S. §1396.4(b).