514 A.2d 656

Francis Alan Sever, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Office of Administration, and Charles T. Sciotto, Respondents.

218

Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

*John R. Bonner*, with him, *James D. Casale, Casale & Bonner*, for petitioner.

*Thomas M. Crowley*, Deputy Attorney General, with him, *Andrew S. Gordon*, Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman*, Attorney General, for respondents.

OPINION BY JUDGE PALLADINO, September 2, 1986:

This action, filed by petitioner Francis Alan Sever and addressed to our original jurisdiction[1], seeks a writ

---

[1] *See* 42 Pa. C. S. §761(a)(1).

of mandamus compelling the Commonwealth respondents to approve petitioner's applications for supplementary employment or, in the alternative, to allow petitioner to be compensated for the services he performed between January 4, 1985 and January 6, 1986. The Commonwealth respondents include: the Commonwealth of Pennsylvania, Department of Environmental Resources (DER), the Commonwealth of Pennsylvania, Office of Administration (OA), and Charles T. Sciotto, Deputy Secretary for Employe Relations of OA (Sciotto). Respondents filed a preliminary objection in the nature of a demurrer averring that the petition for review failed to state a cause of action upon which relief could be granted, in that petitioner has no enforceable legal rights or expectations to the writ he is seeking.[2]

Petitioner is employed as a sanitary engineer by DER's Bureau of Water Quality in Williamsport, Pennsylvania. Petitioner desired to start his own side-business for the purpose of conducting feasibility studies, designing and securing federal licensing for hydro-electric generation facilities. Pursuant to Executive Order 1980-18, all employes, appointees, and officials in the Executive Branch of the Commonwealth must obtain prior approval of any supplementary employment from the Head of the Agency. Governor's Code of Conduct For Appointed Officials and State Em-

---

[2] Respondents propound two additional preliminary objections: (a) any action for damages against the Commonwealth, DER, and OA is barred by the doctrine of sovereign immunity, and (b) any action for damages against Charles Sciotto in his official capacity is barred by the doctrines of sovereign and official immunity. These objections miss the point of petitioner's action. Petitioner is not seeking money damages from any of the respondents. Rather, he seeks an order allowing him to receive compensation for the work he performed between January 4, 1985 and January 6, 1986 from the person or entity who benefitted therefrom. Therefore, we need not address these two objections.

ployes, 4 Pa. Code §7.156. To establish procedures for implementing Executive Order 1980-18, Murray G. Dickman, Secretary of Administration, issued Management Directive 515.18.

On January 4, 1985, petitioner submitted an application for approval of supplementary employment. Directive 515.18, section 5(b)(1) provides that the employe "shall be provided with agency notification of approval or disapproval within 15 working days of the dates of receipt of their requests." Petitioner's application was disapproved on September 16, 1985, in excess of eight months after the application was filed. On September 25, 1985, petitioner filed a timely request for review with OA[3] which, on December 23, 1985, was also denied.

In the interim, on September 12, 1985, petitioner filed a second application for supplementary employment. This application covered the exact same employment but was filed under the employer name of "White Coal Company". On November 26, 1985, this application was also denied. Petitioner requested review by OA on December 10, 1985 and, review was again denied on January 6, 1986.

Subsequently, petitioner filed a petition for review[4] in this Court seeking a writ of mandamus ordering the DER to approve petitioner's application for supplementary employment or, in the alternative, entering an order allowing petitioner to be compensated for the services he performed between January 4, 1985 and

---

[3] "An employe may, within 10 working days of receiving a final disapproval by the agency head or designee, seek review by the Secretary of Administration. . . ." Management Directive 515.18, section 5(d)(1).

[4] While petitioner calls his pleading a complaint, pursuant to Rule 1511 of the Rules of Appellate Procedure it is more properly a petition for review, and we will consider it such.

January 6, 1986. In response thereto, the Commonwealth respondents interposed preliminary objections in the nature of a demurrer.

In deciding preliminary objections in the nature of a demurrer, we are constrained to accept all well-pleaded facts as true, even though not admitting the pleader's conclusions of law. *O'Peil v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974). *See also Kastner v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 157, 467 A.2d 89 (1983).

Mandamus is an extraordinary writ which will issue to compel performance of a ministerial act or mandatory duty where there exists (1) a clear legal right in the petitioner, (2) a corresponding duty in the respondent, and (3) want of any other adequate and appropriate remedy. *Equitable Gas Company v. City of Pittsburgh,* 507 Pa. 53, 57-58, 488 A.2d 270, 272 (1985); *Township of Perkiomen v. Mest,* 92 Pa. Commonwealth Ct. 307, 499 A.2d 706 (1985). "As stated in *Commonwealth ex rel. McLaughlin v. Erie County,* 375 Pa. 344, 100 A.2d 601 (1953), 'mandamus will not issue unless the right of the petitioner is clear and specific; it can never be invoked in a doubtful case.' *Id.* at 351, 100 A.2d at 604." *Equitable Gas* 507 Pa. at 58, 488 A.2d at 272-273.

Petitioner's petition for review alleges that the failure of respondents to either approve or disapprove his two applications for supplementary employment within fifteen days of submission, as required by Management Directive 515.18, section 5(b)(1), entitles him to approval of these applications. As controlling precedent, petitioner cites us to *Shapp v. Butera,* 22 Pa. Commonwealth Ct. 229, 348 A.2d 910 (1975). *Shapp v. Butera* dealt with a request made pursuant to the Right to Know Act[5] by Robert J. Butera, the Minority Leader of

---

[5] Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§66.1-66.4.

the House of Representatives, to examine, inspect, and copy financial disclosure statements filed in the Governor's Office by members of the governor's cabinet and members of "certain" agencies, boards and commissions. *Id.* at 230, 348 A.2d at 911. The financial disclosure statements were filed pursuant to an Executive Order of April 29, 1971.[6]

In *Shapp v. Butera* we identified three types of executive orders: (1) formal, ceremonial, or political orders, usually issued as proclamations; (2) orders which communicate to subordinate officials "request[ed] or suggested directions for the execution of the duties of the Executive Branch of Government"; and (3) orders which serve to "implement or supplement the Constitution or statutes." *Id.* at 234-235, 348 A.2d at 913. Only the third class of orders create legally enforceable rights. *Id.* The instant Executive order falls clearly within the second class.

In his brief at page 7, petitioner states:

4 Pa. Code Section 7.156 sets forth an executive order concerning supplementary employment . . . Directive 515.18 specifically implements and supplements the . . . statutory provision. Obviously, 4 Pa. Code Section 7.156 is a statute and has the force of law. Therefore, Directive 515.18 falls within 'orders which serve to implement or supplement the Constitution or statutes.' Plaintiff [sic] has a legally enforceable right due to this Directive under the Shapp analysis.

---

[6] The Executive Order was published as an official document in the Pennsylvania Bulletin, 1 Pa.B 1265 and subsequently codified in the Pennsylvania Code, 4 Pa. Code §7.71. The provisions of this section were rescinded by Executive Order 1980-18, dated September 3, 1980, 10 Pa.B 4180. Financial disclosure is now governed by 4 Pa. Code §§7.161-7.164.

Petitioner's argument contains two flaws which make it untenable as a matter of law. First, *4 Pa. Code §7.156 is not a statute;* it is an executive order codified in the Pennsylvania Code. As we stated in *Shapp v. Butera,* "The Governor's power is to execute the laws and not to create or interpret them. The Legislative Branch of government creates laws, and the Judicial Branch interprets them." *Id.* at 235-236, 348 A.2d at 914.

The Pennsylvania Code codifies agency regulations, proclamations and executive orders of the Governor, and other such documents. 45 Pa. C. S. §702. Statutes are enacted by the legislature, not the Governor.

Second, *Management Directive 515.18 is not an Executive Order.* It is plain from its face that it is a Directive from the Secretary of Administration "to identify responsibilities and establish procedures for implementing the supplementary employment provisions of . . . Executive Order 1980-18."

Therefore, the *"Shapp* analysis" is inapplicable to petitioner's case. Management Directive 515.18, section 5(b)(1) is merely a directive by the Secretary of Administration and does not confer a legally enforceable right on petitioner.[7]

Further, implicit in petitioner's claim is the erroneous assumption that the failure by respondents to approve his application operates as a "deemed approval". Thus, petitioner contends, that at the expiration of fifteen days without approval or disapproval of his applica-

---

[7] We note that management directives may have force of law "when they are based upon authority or duty conferred by constitution, statute or regulation." *Reneski v. Department of Public Welfare,* 84 Pa. Commonwealth Ct. 226, 228, 479 A.2d 652, 653 (1984). The instant directive is distinguishable from its counterpart in *Reneski* as it implements an Executive Order which, under *Shapp,* has no force of law.

tion, he had the right to assume that the application was approved, to commence supplementary employment, and to have this Court order the Commonwealth respondents to approve his application. This assumption is without precedent or merit.

Deemed approval will lie only where there is an express declaration of deemed approval. *See Crossley Appeal,* 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981); *Beekhuis v. Zoning Hearing Board of Middleton Township,* 59 Pa. Commonwealth Ct. 307, 429 A.2d 1231 (1981); *Hopewell Township v. Wilson,* 46 Pa. Commonwealth Ct. 425, 406 A.2d 610 (1979). There being no provision in the Directive as to what shall happen if there is no action on the application within fifteen days, "this Court can no more declare that the application is deemed approved than it could declare that it is deemed disapproved." *Id.* at 428, 406 A.2d at 611. We do not condone the DER's inaction in this instance and our holding does not make the fifteen-day requirement meaningless. The purpose of the fifteen-day requirement is to form the basis of an action in mandamus to compel DER to take action where it has failed to do so after the expiration of fifteen days. *See Id.*

Thus, taking all the factual averments in petitioner's petition for review as true, it is clear that the DER did not approve petitioner's application for supplementary employment within fifteen days, as required by Management Directive 515.18, section 5(b)(1). It is equally true that petitioner cannot establish a clear legal right to an order by this Court directing the Commonwealth to approve his application.

Approval or disapproval of petitioner's application is a discretionary act, accomplished pursuant to Executive Order 1980-18 and Management Directive 515.18. "[I]n the context of a discretionary act, a court can issue such a writ to mandate the exercise of that discretion in

some fashion, but not to require that it be exercised in a particular manner." *United States Steel Corp. v. Papadakos*, 63 Pa. Commonwealth Ct. 213, 215-216, 437 A.2d 1044, 1046 (1981), citing *Philadelphia Newspapers, Inc. v. Jerome*, 478 Pa. 484, 387 A.2d 425 (1978).

In the instant case, the DER has already denied petitioner's application and the OA has affirmed that decision.

> Once the official or agency has exercised its discretion, a party who is dissatisfied with the result may not seek to compel a different result through mandamus; for mandamus does not lie to review a discretionary act, nor to compel a particular result in a process involving the exercise of discretion.

*Daset Mining Corp. v. Ercole*, 51 Pa. Commonwealth Ct. 23, 25, 413 A.2d 780, 781 (1980), quoting *Styers v. Wade*, 30 Pa. Commonwealth Ct. 38, 42, 372 A.2d 1236, 1238 (1977) *aff'd* 478 Pa. 631, 387 A.2d 666 (1978). Accordingly, we will sustain the preliminary objection of the Commonwealth respondents.

Petitioner also seeks an order allowing him to receive compensation for the services he performed between the date of the original application, January 4, 1985, and the date of the OA's affirmance of the denial by DER of his second application, January 6, 1986.

The Governor's Code of Conduct, Executive Order 1980-18, §7.156 specifically states that "[n]o employe, appointee, or official in the Executive Branch of the Commonwealth shall engage in or accept private employment or render services for a private interest unless such employment or service *is approved in advance* by the Head of the Agency to which the affected person is assigned." Thus, petitioner had no affirmative right, at any time, to commence such employment. Nor could

the inaction of the DER be deemed an approval of his application for supplementary employment. Therefore, this Court declines to issue an order allowing compensation for work which the petitioner had no right to undertake.

### ORDER

AND NOW, September 2, 1986, the preliminary objection of the respondents: Commonwealth of Pennsylvania, Department of Environmental Resources, Commonwealth of Pennsylvania, Office of Administration and Charles T. Sciotto, Deputy Secretary for Employe Relations of the Office of Administration, is sustained and the petition for review is dismissed for failure to state a cause of action upon which relief could be granted.