# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cook,
          Appellant

        v.

City of Philadelphia Civil Service
Commission

:
:
:
:
:
:
:
:
:

No. 1684 C.D. 2019
Argued: December 7, 2020

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: February 5, 2021

Michael Cook (Cook) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing his challenge to the City of Philadelphia's failure to give him notice before removing his name from the 2012 list of eligible police officer candidates. The trial court held that the City's action was not an adjudication subject to judicial review because he did not have a property interest in prospective employment with the City. Accordingly, the City's failure to provide Cook an opportunity to contest the request to remove him from the eligibility list, as required by the City's regulation, was not actionable. Cook contends that the trial court erred because he has a property interest in fair access to public employment, and the deprivation of that interest is subject to judicial review under the Local Agency Law.[2] We reverse the trial court and remand for a hearing.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] 2 Pa. C.S. §§551-555, 751-754.

**Background**

In 2012, Cook applied for an officer position with the Philadelphia Police Department and, on the basis of his training and written examination, was placed on a list of eligible candidates by the City's Office of Human Resources. On May 6, 2013, however, the City advised Cook that because of his score on a psychological evaluation, he would "not be given any further consideration for appointment to [the] position." Reproduced Record at 51a (R.R. __).[3] Cook promptly appealed to the City's Office of Human Resources.

When Cook received no response to his appeal, he filed a mandamus action to compel the Director of Human Resources to render a decision. *See Cook v. City of Philadelphia* (C.C.P. Phila. No. 160503837, filed November 15, 2013). On September 8, 2016, the Office of Human Resources rendered a decision. It explained

> that the evidence or information provided by you was insufficient to establish that the facts relied on in making the determination that you failed the psychological evaluation were incomplete, [or] not true, or that an error was made in reaching this determination, any request(s) that you believe are pending disposition by the City[] for the restoration of your name to the eligible list for Police Officer Recruit are denied.

---

[3] State law requires municipal police officers to undergo a psychological evaluation. A regulation of the Municipal Police Officers' Education and Training Commission states:

> (a) Except as provided in subsection (b), persons who are to be employed as police officers by police departments within this Commonwealth from December 21, 1996, shall:

> * * *

> (7) Be personally examined by a Pennsylvania licensed psychologist and found to be psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer….

37 Pa. Code §203.11(a)(7). Cook received a score of 7.5 but needed a score of 8.0 to pass.

R.R. 54a. Accordingly, the Office of Human Resources did not reinstate Cook to the list of eligible candidates.

Cook appealed to the trial court. Cook challenged the credentials of the psychologist who conducted the exam and the method used to calculate his score. Further, although the City's Personnel Manual gave him a right to request a second evaluation, he was not informed of this opportunity. Finally, Cook argued that the City failed to give him notice of the Police Department's request to remove him from the eligibility list, as required by City Civil Service Regulation 10.0943, and, therefore, deprived him of the opportunity to contest that request.

The trial court issued a scheduling order requiring the "[a]gency subject to this appeal" to file its record electronically. Trial Court Order, 11/17/2016. The City responded that Cook was appealing a decision of the City's Office of Human Resources, which had not held a hearing and, thus, had no administrative hearing record to file.

On January 25, 2017, Cook filed a motion for extraordinary relief seeking 120 days to conduct discovery. The trial court directed Cook to file a brief in support of this motion by February 6, 2017. On February 8, 2017, the trial court denied Cook's motion. Thereafter, *sua sponte,* the trial court dismissed Cook's appeal. In its Rule 1925(a)[4] opinion, the trial court explained that it dismissed

---

[4] The Pennsylvania Rules of Appellate Procedure provide, in relevant part, as follows:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall … file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a).

Cook's appeal as a sanction for not filing a timely brief in support of his motion for extraordinary relief. Cook appealed to this Court.

This Court reversed, holding that the trial court erred in dismissing Cook's appeal *sua sponte*. This Court rejected the City's position that Cook's appeal was moot:

> First, Cook does not request to have his name returned to an expired list. His appeal seeks a reevaluation by a professional who possesses the training and expertise to assess him, using the standards set forth in the Personnel Manual, and placement of his name on the current list of eligible candidates….
>
> Cook argues that his psychological evaluation was not administered or scored by the psychologist in the manner prescribed by the Personnel Manual. In support of this claim, Cook states that he filed a complaint with the State Board of Psychology against Nancy Rosenberg, M.D., the psychologist that conducted his examination. In response, on January 13, 2017, the Department of State, Bureau of Professional and Occupational Affairs[,] issued an order to show cause to Dr. Rosenberg.
>
> Dr. Rosenberg entered into a consent decree with the Bureau of Professional and Occupational Affairs that was adopted and approved by the State Board of Psychology on April 24, 2017. *Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs v. Nancy Gail Rosenberg, Psy.D* (State Board of Psychology, Docket No. 0066-63-17, filed April 24, 2017). In the consent decree, Dr. Rosenberg stipulated that she scored Cook's evaluation using an outdated version of the Police Applicant Standardized Interview Format. Further, she rated Cook's ability to deal with stress as a 1 on a scale of 1 to 5, which indicated a pathological problem. Dr. Rosenberg admitted that the data did not support that score. Dr. Rosenberg agreed to the following discipline: to cease doing police applicant or risk assessment evaluations; to receive a public reprimand; to pay a civil penalty of $5,000; to pay for the costs of investigation; and to complete 20 hours of remedial education.

4

*Cook v. City of Philadelphia Civil Service Commission*, 201 A.3d 922, 928-29 (Pa. Cmwlth. 2019) (citations omitted). Noting that the merits of Cook's appeal were not before the Court, we remanded for further proceedings.

On remand, Cook requested the trial court to conduct an evidentiary hearing or to remand to the City's Civil Service Commission for a hearing pursuant to Section 754(a) of the Local Agency Law, 2 Pa. C.S. §754(a).[5] The City opposed Cook's request and moved to quash Cook's appeal.

In support of its motion to quash, the City argued that a candidate's removal from the eligibility list is not an adjudication because no candidate has a property interest in prospective employment. It also argued that Cook's appeal was untimely because the City's failure to inform him of his opportunity for a second psychological exam occurred in 2013, and he should have appealed that omission within 30 days, not 3 years later. Finally, it argued that Cook's appeal was moot because the 2012 eligibility list had expired.

The trial court denied Cook's motion for an evidentiary hearing and granted the City's motion to quash. It reasoned as follows:

> I find that the failure of the [C]ity to abide by its own regulations does not create a right that would be subject to an adjudication appeal, but, rather, that *such a violation would be more appropriately remedied by what actually did happen here, which was the filing of a writ of mandamus to force the [C]ity – to*

---

[5] It states, in relevant part, as follows:

> (a) Incomplete record.--In the event a full and complete record of the proceedings before the local agency was not made, *the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court*.

2 Pa. C.S. §754(a) (emphasis added).

> *comply with its own rules*…. Second, I'll find that the appeal is moot because there's no available remedy….

Hearing Transcript (H.T.), 10/25/2019, at 14 (emphasis added). On November 12, 2019, Cook appealed to this Court.

In its Rule 1925(a) opinion, the trial court offered two reasons for its decision. First, the City's actions did not constitute an adjudication because "an applicant for public employment has no property right in the prospective employment." Trial Court 1925(a) op., 5/19/2020, at 4. Second, Cook's appeal was moot because even if Cook succeeded on the merits, "there can be no extension of an eligibility list either by agreement or by court order beyond the two-year statutory life span." *Id*. at 5.

## Appeal

On appeal, Cook asserts that the trial court erred in holding that the City's actions are not subject to judicial review. Cook acknowledges that he does not have a property interest in prospective employment with the City but contends that his appeal concerns "fair access to a public employment position." Cook Brief at 25. The City's Personnel Manual and City Civil Service Regulation 10.0943, which required the Police Department to notify Cook before his name could be removed from the eligibility list, guarantee candidates fair access to public employment. Cook explains as follows:

> When [the City] chose not to follow its policies, the [C]ity made a decision, determination or ruling that affected Cook's personal or property rights and so is an appealable adjudication under the [Local Agency Law]. The trial court abused its discretion when it determined that Cook's appeal was from the City's decision not to hire him as a police officer and not from the City's refusal to provide the fair hiring process required by its policies.

6

Cook Brief at 27-28. Cook also contends his appeal is not moot, as held by the trial court. Because eligibility lists last from one to two years, there is insufficient time to complete litigation, including appellate review, before the expiration of any eligibility list. The City's conduct is capable of repetition and likely to escape review and, therefore, presents an exception to mootness.

The City offers four responses. First, the Personnel Manual and City Civil Service Regulation 10.0943 cannot be considered by this Court because they are not part of any agency or trial court record. The record of this case consists solely of the two decisions of the City that total three pages. Second, Cook's appeal is untimely. The City's May 6, 2013, letter informing Cook that he would not be given further consideration did not offer him a second psychological evaluation, and Cook did not challenge this specific omission within 30 days.[6] Third, the September 8, 2016, decision by the City's Office of Human Resources to dismiss Cook's appeal was not an adjudication because it did not affect a protected property interest. Fourth, Cook's appeal is moot because the 2012 eligibility list has expired. Eligibility lists last one to two years and cannot be extended by court order. There is no exception to mootness that applies here.

**Analysis**

**I.**

We begin with the City's procedural claims. It asserts, first, that because Cook's appeal is based on documents not of record, there is nothing for this Court to review. "It is black letter law that a statutory appeal record consists *solely* of that which is part of the agency record…." City Brief at 19 (emphasis in original).

---

[6] Section 5571 of the Judicial Code provides, in relevant part, that "an appeal from a tribunal or other government unit to a court … must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571.

7

The issue before this Court is whether the trial court erred in quashing Cook's appeal for the stated reason that the City's failure to abide by its own regulation or policy manual did not constitute an adjudication. "A decision to grant or deny a motion to quash an appeal is a question of law within this Court's scope of review." *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Hearing Board of Adjustment of the City of Philadelphia*, 951 A.2d 398, 401 n.8 (Pa. Cmwlth. 2008). In deciding a question of law, our scope of review is plenary and standard of review is *de novo*. *Walnut Street Associates, Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468, 474 (Pa. 2011). The question here is whether Cook's appeal stated a claim, not whether he presented evidence to support it. To date, there has been no hearing, and the question is whether one needs to take place.

Although the Personnel Manual may be an evidentiary document, City Civil Service Regulation 10.0943 is a binding legal norm. The law is evidence of itself and need not be made part of the evidentiary record to consider the merits of the trial court's decision to quash Cook's appeal.[7] We reject the City's first procedural claim.

The City next contends that Cook's appeal was untimely. It concedes that Cook timely challenged his removal from the eligibility list in 2013 but not,

---

[7] Pennsylvania Rule of Appellate Procedure 1921 states:

> The original papers *and exhibits filed in the lower court*, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court *shall constitute the record on appeal in all cases*.

PA. R.A.P. 1921 (emphasis added). The pleadings and exhibits filed in the lower court along with any transcript of proceedings are part of the record. At oral argument, the trial court judge stated: "I find that the failure of the [C]ity to abide by its own regulations does not create a right that would be subject to an adjudication [on] appeal…." H.T. at 14.

8

specifically, the failure to offer him a second psychological examination.[8] We reject this contention. The latter question is subsumed in his appeal of his removal from the eligibility list, which was filed within 30 days of the City's May 6, 2013, letter informing Cook that he would not be given further consideration for appointment to a police officer position.

We turn, then, to the City's claim that Cook's appeal is moot. The City argues that eligibility lists have a short duration so that the information on the applicants does not become stale. The trial court agreed that "Cook's appeal is moot because the relief he is requesting is unavailable." Trial Court 1925(a) op. at 5. However, as observed in this Court's prior decision, Cook does not ask to be restored to the 2012 list; rather, he seeks a reevaluation by a professional with the requisite training and expertise and placement of his name on the current list of eligible candidates. *Cook*, 201 A.3d at 928. The trial court did not address this requested relief when it held that this matter is moot and, therefore, erred.

We reject the City's procedural contentions.

## II.

We turn to the substance of Cook's appeal, which is that the denial of his right to "fair access to public employment" constituted an adjudication under the

---

[8] Cook attached a copy of the 1994 Personnel Manual to his Notice of Appeal filed with the trial court. The Personnel Manual includes a sample letter that can be provided to applicants that failed the psychological examination, which states:

> [i]f you wish, you may be evaluated by a different examiner. Contact Mrs. Terry Lichty at [XXX-XXXX] within 30 days of the date of this letter to make an appointment for a second evaluation. The results of this second evaluation will be final. *If you do not contact this office within 30 days, your name will be removed from the active eligible list for this job category*, in accordance with Civil Service Regulations.

R.R. 48a (emphasis added).

Local Agency Law. Cook contends that because the City did not abide by its own Personnel Manual and City Civil Service Regulation 10.0943, it has denied him fair access to City employment. That denial constitutes an adjudication subject to judicial review under the Local Agency Law.[9]

**A.**

We begin with the City's assertion that the Personnel Manual was designed for internal use, and, thus, cannot support Cook's appeal. The City explains that the "overall goal of the psychological evaluation process is one of eliminating … applicants for police officer positions in the [City] who have psychological problems without adverse impact on gender, race or ethnic background." R.R. 13a. The Personnel Manual addresses the psychological evaluation with respect to the qualifications and training of the evaluators; the information to be made available to the evaluators; the standardized forms to be used by the evaluators; and the letters used to notify applicants of the outcome of the evaluations. There seems little doubt that the Personnel Manual was intended for internal use.

In *Petsinger v. Department of Labor and Industry, Office of Vocational Rehabilitation*, 988 A.2d 748, 757-58 (Pa. Cmwlth. 2010), this Court held that internal policies do not create enforceable rights in third parties. Likewise, in *Sever v. Department of Environmental Resources*, 514 A.2d 656 (Pa. Cmwlth. 1986), this Court held that executive orders or management directives do not create an enforceable right unless they implement a law. It may be that the Personnel Manual

---

[9] The law defines an "adjudication" as "[a]ny final order, decree, decision, determination or ruling by any agency *affecting personal or property rights,* privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa. C.S. §101 (emphasis added).

10

implements the statute that created the Municipal Police Officers' Educational and Training Commission or the Home Rule Charter provisions on the City's civil service system. However, in the absence of an evidentiary record on the Personnel Manual, we lack a sufficient basis to determine its relevance to Cook's appeal and give it no further consideration.

City Civil Service Regulation 10.0943, by contrast, was promulgated under the City's Home Rule Charter[10] and governs all City employment. It requires the City's Personnel Director to "prepare" and "administer the civil service program under the civil service regulations." PHILADELPHIA HOME RULE CHARTER §7-100. Further,

> [t]he purpose of the civil service provisions of this charter is to establish for the City a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, demotion, transfer, lay-off, removal and discipline of its employees, and other incidents of City employment. *All appointments and promotions to positions in the civil service shall be made in accordance with the civil service regulations*.

*Id*. §7-300 (emphasis added). It further mandates that "[a]ll officers and employees of the City shall comply with and aid in all proper ways in carrying out the civil service regulations." *Id*. §7-302(1).

The Home Rule Charter directs the creation of a classification plan for the City's civil service system. *Id*. §7-400 (emphasis added). This classification plan covers all positions in the civil service and provides for "[o]pen competitive

---

[10] Pursuant to the Pennsylvania Constitution, PA. CONST. art. IX, §2, the General Assembly adopted the First Class City Home Rule Act (Home Rule Act), Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §§13101-13157, and based on this statute, the City adopted a Home Rule Charter in 1951. *Ortiz v. Commonwealth*, 655 A.2d 194, 195 (Pa. Cmwlth. 1995).

examinations to test the relative fitness of applicants for the respective positions."

*Id*. §7-401.  Specifically, the Home Rule Charter directs

> [t]he establishment of eligible lists for appointment and promotion, upon which lists shall be placed the names of successful candidates in the order of their relative excellence in the respective examinations.… Such lists shall continue in force for at least one year from the date of their establishment and thereafter until exhausted or replaced by more recently prepared lists but in no case longer than two years.

*Id*. §7-401(f).  This provision ensures "*[f]airness* to persons taking civil service examinations" and "requires that they shall know their positions on eligibility lists." *Id*. §7-401, Annotation (Subsection (f)) (emphasis added).

The Director of Human Resources maintains "lists of eligibles" for the "various classes of positions as deemed necessary or desirable to meet the needs of the service." PHILADELPHIA CIVIL SERVICE REGULATION §10.01.  There is a process for removing an eligible from the list.  *Id*. §10.09.[11]  City Civil Service Regulation 10.0943 states as follows:

---

[11] The Director of Human Resources "shall, with notice specified in Regulation 10.0942, remove the name of an eligible from an eligible list for any of the following reasons:" the eligible did not respond to the Director's inquiry about the eligible's availability for employment; the eligible does not have the requisite qualifications established by the Director for the position; the eligible engaged in deception or fraud in the application; the eligible declined to be interviewed; the eligible failed a pre-employment drug or alcohol screen; or the eligible submitted duplicate applications for the position. PHILADELPHIA CIVIL SERVICE REGULATION §§10.0921-10.0926.  In these circumstances, the eligible receives an after-the-fact notice of his removal. *Id.* §10.0942.

Notice is not required where the eligible is appointed to a permanent position; the eligible is separated from the department and placed on a promotional list; postal authorities indicate that they cannot locate the ineligible; or the eligible dies. *Id.* §§10.0911-10.0914.

An appointing authority[12] requesting that an eligible be removed from an eligible list pursuant to Regulation 10.093 *must* first provide the eligible notice of the intended request and also provide the eligible an opportunity to respond in writing. *Such written notification to the eligible shall plainly and clearly state why the removal action will be requested and advise the eligible of his opportunity to contest this decision with the appointing authority.* Eligibles will be afforded a minimum of two (2) business days to respond with information that they believe renders the appointing authority's decision erroneous and/or inappropriate.

Once the appointing authority has provided the eligible candidate with notice of the intended request to remove his or her name from the eligible list and an opportunity for the eligible to respond in writing, the appointing authority may submit the removal request to the Director of Human Resources. The removal request must include:

> a. documentation supporting the request for removal of the eligible's name;
>
> b. a copy of the written notification to the eligible of the appointing authority's intent to request the removal of her or his name from the eligible list; and
>
> c. a copy of the eligible's response to the appointing authority or a statement certifying that the eligible failed to respond to the appointing authority.

Upon receipt of this documentation, the Director of Human Resources will render a decision regarding the approval or denial of the appointing authority's request. *The decision of the Director will be final.*

---

[12] The appointing authority is "the employer, supervisor, officer, board, commission, division or department head empowered by law or ordinance, or by lawfully delegated authority, to make appointments to positions in the City service or, in cases where delegation is not prohibited by Charter or law, such other persons as may properly be designated or empowered to act." PHILADELPHIA CIVIL SERVICE REGULATION §2.03.

*Id*. §10.0943 (emphasis added).[13]

In sum, City Civil Service Regulation 10.0943 requires the appointing authority to "provide the eligible notice of the intended request" to remove the eligible from the list and to "provide the eligible an opportunity to respond in writing." *Id*. §10.0943. The response may cause the appointing authority to reconsider its request. On the other hand, where the appointing authority decides to proceed with its removal request, it must provide the Director of Human Resources with, *inter alia*, a copy of its written notice to the eligible and the eligible's response. The Director makes a decision on the basis of this documentation.

---

[13] City Civil Service Regulation 10.093 further provides:

> *Upon satisfaction of the requirements of Regulation 10.0943 and upon the written request of an appointing authority*, the Director *may*, *at his or her discretion, remove the name of an eligible* from an eligible list for any of the following reasons:
>
> 10.0931 - Felony or misdemeanor convictions in this state or elsewhere which relate to the applicant's suitability in such a way as to preclude them from employment in the position for which they applied and/or are being considered.
>
> 10.0932 - Dismissal from the public service or private employment for inefficiency, delinquency or misconduct.
>
> 10.0933 - Previous work performance in either public or private employment found to have been unsatisfactory as to efficiency, delinquency or conduct.
>
> 10.0935 - Information revealed during the pre-employment background investigation that indicates that the applicant is unsuitable for appointment to the position for which they applied and/or are being considered.
>
> 10.0936 - Disability that prevents the eligible, with or without a reasonable accommodation, from satisfactorily carrying on the duties of the position.
>
> 10.0937 - Failure to pass an evaluation of fitness for duty for the classes of Police Officer Recruit, Police Officer 1, Deputy Sheriff Officer, Deputy Sheriff Officer Recruit or Correctional Officer.
>
> 10.0938 - Practice or attempt to practice any deception or fraud in his or her declarations to the appointing authority in securing employment.

PHILADELPHIA CIVIL SERVICE REGULATION §10.093 (emphasis added).

This Court has had occasion to consider the removal of candidates from civil service eligibility lists or promotion opportunities, in the context of both state and local government. This precedent is directly relevant to the question of whether the Home Rule Charter and City Civil Service Regulation 10.0943 have created a property interest in fair access to public employment, as contended by Cook. Both parties cite this precedent to support their respective positions.

*Barrett v. Ross Township Civil Service Commission*, 55 A.3d 550 (Pa. Cmwlth. 2012), concerned the eligibility of police officers to take the promotional examination for the position of police lieutenant. In their examination applications, the officers disclosed that they had each received a disciplinary letter but explained that the letter did not constitute a formal reprimand that would bar a promotion. In support, the officers provided a written statement from the township's solicitor to that effect. After an evidentiary hearing, the township's civil service commission concluded that the letters barred the officers from sitting for the examination. The trial court reversed, and this Court affirmed.

In holding that the officers had a property interest in taking the promotional examination, this Court explained as follows:

> The Officers' property interest in taking the examination can be confirmed twice. First, Section 635(a) of the First Class Township Code, 53 P.S. §55635(a),[14] provides, in relevant part, that "all police promotion examinations *shall* be open to all applicants who have the minimum qualifications required by the rules and regulations." 53 P.S. §55635 (emphasis added). Second, Section 4.7 of the Rules of the Ross Township Civil Service Commission provides for a right to a hearing if the Commission denies an individual the opportunity to sit for a promotional examination. Further, Section 4.7 provides that this

---

[14] Act of June 24, 1931, P.L. 1206, added by the Act of May 27, 1949, P.L. 1955, *as amended*.

15

> hearing must follow the procedures set forth in the Local Agency Law. In sum, the applicable statute and Commission rules support the conclusion that the Officers had a protected property interest at stake when they were denied the opportunity to sit for a promotional examination.

*Id.* at 556-57 (brackets and footnotes omitted). In *Barrett*, this Court observed that the Court's prior holding in *Marvel v. Dalrymple*, 393 A.2d 494 (Pa. Cmwlth. 1978), also suggested that "there is a property interest in having fair access to a public employment position." *Barrett*, 55 A.3d at 558.

*Pennsylvania Game Commission v. State Civil Service Commission (Taccone)*, 789 A.2d 839 (Pa. Cmwlth. 2002), concerned two candidates on the eligibility list for a game warden position. The Game Commission requested that the State Civil Service Commission remove the candidates' names from the list because it considered them unsuitable.[15] The candidates contested the request in a process that involved the submission of written statements and oral argument by both sides. The State Civil Service Commission found in favor of the candidates and denied the Game Commission's request.

The Game Commission appealed, asserting, *inter alia*, that the State Civil Service Commission had abused its discretion by not granting it a full evidentiary hearing on its removal request. This Court affirmed the State Civil Service Commission. We held that the State Civil Service Commission had the

---

[15] The Game Commission sought the removal of the first candidate for having drawn his side arm too many times while serving as a police officer for the City of Erie. It sought removal of the second candidate because he had killed a deer with a ratchet after the deer collided with his truck, breaking its neck and leg. Before the Civil Service Commission, the first candidate showed that his record as a police officer was spotless; he did not draw his side arm excessively given the 1,175 calls he was dispatched to handle; and he had never discharged his side arm. The other candidate explained that he responded "humanely" to the dying deer and while he did not report the deer's death to the Game Commission, he did call the police. The Civil Service Commission rejected the Game Commission's conclusion that neither candidate was suitable.

16

discretion to decide what kind of hearing to hold, and it did not abuse its discretion in denying the Game Commission's demand for an evidentiary hearing. We concluded that the candidates had a "protected property right in being placed on the [e]ligible [l]ist," *Taccone*, 789 A.2d at 845, but the Game Commission "had no protected interest" in keeping the candidates off the list. *Id.* at 847.

*Mansfield v. State Civil Service Commission (Department of Labor and Industry)*, 68 A.3d 1062 (Pa. Cmwlth. 2013), concerned a candidate's contest of the Department of Labor and Industry's request to remove him from an eligibility list. The Department sought this removal because the candidate had been dismissed for unsatisfactory performance during his probationary period of employment at the Department. The State Civil Service Commission granted the candidate's contest, in part. It removed his name from the list of positions in Philadelphia (where he had worked prior to discharge) but not in other locations. It limited his removal to one year for one position and three years for another position.

In both *Taccone* and *Mansfield*, it was the State Civil Service Commission that had the authority to remove a prospective employee from the eligibility list upon request by the state agency. Further, the applicable management directive gave the State Civil Service Commission the sole discretion to decide whether to hold an evidentiary hearing. In both cases, the State Civil Service Commission limited the "hearing" to the submission of written position papers and oral argument. In *Taccone*, we rejected the claim of the Game Commission that it was entitled to a full evidentiary hearing, and in *Mansfield* we rejected the identical claim of the candidate. We explained as follows:

> An individual's appearance on an eligibility list is a matter for the Commission and the appointing authority. The [m]anagement [d]irective, not the Administrative Agency Law,

17

defines the parameters for the entire process, and it does not itself confer rights on prospective employees. Mansfield had no constitutional or statutory right to remain on the Commission's list of eligible employees. Likewise, he had no right to an evidentiary hearing. The seven and one-half minutes of argument he received was by grace of the Commission. The Commission's decision to remove Mansfield from the eligibility list after that argument was not an adjudication subject to this Court's review.

*Mansfield*, 68 A.3d at 1067. Stated otherwise, *Mansfield* clarified that the Administrative Agency Law did not apply to a proceeding before the Commission on the removal of a candidate's name from an eligibility list.

*Frankowski v. State Civil Service Commission (Department of Labor and Industry)*, 68 A.3d 1020 (Pa. Cmwlth. 2013), also concerned the removal of a candidate's name from an eligibility list. Frankowski received the same type of hearing from the State Civil Service Commission on the appointing authority's request to remove him from the eligibility list as the candidates in *Taccone* and *Mansfield.* The Department of Labor and Industry sought Frankowski's removal because of his child pornography convictions. We held that no further process would be granted Frankowski and dismissed his appeal.

These cases establish that there is a property interest in fair access to public employment. In *Barrett*, the source of that interest was a rule of the township's civil service commission that "provides for a right to a hearing if the Commission denies an individual the opportunity to sit for a promotional examination." *Barrett*, 55 A.3d at 557. Fair access to public employment is an interest that is separate and distinct from actual employment. There is no property interest in prospective employment, as the City correctly argues. Thus, an employee discharged during his probationary period is not entitled to a hearing.

18

The extent of the hearing required by fair access to public employment need not be an on-the-record evidentiary hearing. As *Taccone* and *Mansfield* explain, the scope of the hearing is committed to the discretion of the State Civil Service Commission where the matter concerned a request by the appointing authority to remove a candidate from the eligibility list. Not every recognized property interest is entitled to the same degree of process. Judge Friendly explains that "[t]he required degree of procedural safeguards varies directly with the importance of the private interest affected …." Hon. Henry J. Friendly, *Some Kind of Hearing*, 123 U. PA. L. REV. 1267, 1278 (1975). The more severe the government action, the more process is needed and the less severe the action, "fewer and fewer requirements" are warranted. *Id.* The process followed by the State Civil Service Commission in eligibility cases is consistent with the nature of the property interest in fair access to public employment, which interest is far less than the property interest in holding public employment. *See, e.g.*, *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) (due process requires that public employee be given pretermination opportunity to respond to dismissal together with a posttermination hearing). Local governments are free to set up their own procedure and provide more process then the minimum required. In *Barrett*, for example, the applicable rules of the township's civil service commission provided for a full evidentiary hearing.

Here, the City has adopted a process similar to that used by the State Civil Service Commission. City Civil Service Regulation 10.0943 states that the appointing authority requesting that an eligible be removed from an eligible list pursuant to Regulation 10.093 *must first* provide the eligible notice of the intended request *and* give the eligible an opportunity to respond in writing. PHILADELPHIA

CIVIL SERVICE REGULATION §10.0943. City Civil Service Regulation 10.0943 is firmly grounded in the City's Home Rule Charter.[16] We conclude and, therefore, hold, that candidates for employment with the City have a protected property interest in fair access to this employment, as established in the City's Home Rule Charter and City Civil Service Regulation 10.0943.

The City contends that its alleged failure to follow Regulation 10.0943 is not subject to review under the Local Agency Law. In support, it directs this Court to its holdings in *Mansfield* and *Frankowski*, which held that the Administrative Agency Law did not apply to eligibility list proceedings before the State Civil Service Commission. These rulings do not advance the City's position. The candidates in each case received "some kind of hearing" before their names were removed. They submitted written statements and made oral argument. Indeed, on this basis, Mansfield's contest was partially granted; he was not permanently removed from all lists, as requested by the Department of Labor and Industry. By contrast, Cook asserts that he received no notice of the Police Department's request to remove him from the eligible list or an opportunity to contest the request, as required by the City's regulation. *Mansfield* and *Frankowski* did not address that situation or suggest that the appointing authority was free to remove a candidate from the eligibility list without following the process before the City's Civil Service Commission.

---

[16] At oral argument, the City asserted that City Civil Service Regulation 10.0942 governed Cook's removal, which provides for after-the-fact notice where removal from the eligible list is mandatory under City Civil Service Regulation 10.092. *See supra* note 11. The City did not raise this issue in its brief with this Court, and it is waived. In any case, Civil Service Regulation 10.092 does not list failure to pass a psychological examination, which the City asserts was the cause of Cook's removal from the eligible list. City Brief at 5 ("Cook took and failed the psychological examination.").

We reject the City's contention that Cook has no remedy where, as here, it is alleged that the City did not follow City Civil Service Regulation 10.0943, which is binding on the City. It is well established that "[w]hen an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, privileges or immunities, the agency's act is an adjudication." *Giant Food Stores, LLC v. Penn Township*, 167 A.3d 252, 260 (Pa. Cmwlth. 2017). The Local Agency Law "was enacted to provide a forum for the enforcement of statutory rights where no procedure otherwise exists." *Bray v. McKeesport Housing Authority*, 114 A.3d 442, 454 (Pa. Cmwlth. 2015) (citing *Guthrie v. Borough of Wilkinsburg*, 478 A.2d 1279, 1283 (Pa. 1984)). In *McCormick v. Dunkard Valley Joint Municipal Authority*, 218 A.3d 528, 532 (Pa. Cmwlth. 2019), this Court held that where the applicable ordinance does not provide a hearing, the Local Agency Law provides the default hearing mechanism. *See also* 36 STANDARD PENNSYLVANIA PRACTICE 166:306 (2020 ed.) ("The Local Agency Law establishes a uniform and comprehensive method of appeal from Local Agency adjudications, which applies even if the local enabling legislation makes no provision for appeal from such adjudications, or actually prohibits an appeal.").

Cook claims that the City ignored City Civil Service Regulation 10.0943 and the Personnel Manual, and in doing so denied him his property interest in fair access to public employment. This denial of any process on his removal from the eligibility list constitutes an adjudication subject to judicial review. *Giant Food Stores, LLC*, 167 A.3d at 260. Because the City Civil Service Regulations do not provide for a hearing to address the case where the City ignores its own regulation, the Local Agency Law provides, by default, the hearing procedure. Therefore, we agree with Cook's claim that the City's deprivation of Cook's fair access to City

employment constitutes an adjudication, which is subject to review under the Local Agency Law. The trial court erred in otherwise holding.

## Conclusion

For these reasons, we hold that Cook has a protected property interest in fair access to public employment, which is established by the City's Home Rule Charter and Civil Service Regulations. We reverse the trial court's dismissal of Cook's appeal and remand the matter for further proceedings. On remand, Cook can present evidence on his claim that he was denied the minimal process required by City Civil Service Regulation 10.0943 and the Personnel Manual before being removed from the eligible list. If Cook proves his case, the trial court shall determine the appropriate relief.

_____
MARY HANNAH LEAVITT, President Judge

22

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cook,
          Appellant

        v.

City of Philadelphia Civil Service
Commission

:
:
:
:
:
:
:
:
:

No. 1684 C.D. 2019

# **O R D E R**

AND NOW, this 5th day of February, 2021, the order of the Court of Common Pleas of Philadelphia County (trial court) dated October 25, 2019, is REVERSED, and this matter is REMANDED to the trial court for a hearing as provided in the attached opinion.

      Jurisdiction relinquished.

 

_____
MARY HANNAH LEAVITT, President Judge